USCA1 Opinion

 

 [NOT FOR PUBLICATION] ___________________ No. 94-1363 JERRY WILLIAM WEBER, Plaintiff, Appellant, v. MARTIN A. MAGNUSSON, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Eugene W. Beaulieu, U.S. Magistrate Judge] _____________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Jerry William Weber on brief pro se. ___________________ Michael E. Carpenter, Attorney General, and Diane Sleek, _______________________ ____________ Assistant Attorney General, on brief for appellee. ____________________ September 2, 1994 ____________________ Per Curiam. Plaintiff-appellant Jerry William ___________ Weber, a Maine inmate, filed a pro se complaint in the district court, pursuant to 42 U.S.C. 1983, against Martin A. Magnusson, the warden of the Maine State Prison. The complaint alleges violations of Weber's right to free speech under the First Amendment and to equal protection under the Fourteenth Amendment. Appellee Magnusson filed a motion for summary judgment with respect to both claims. On March 16, 1994, a magistrate judge ("magistrate") granted appellee's motion in its entirety. This appeal followed. We have reviewed the briefs of the parties and the record on appeal. We affirm the grant of summary judgment in favor of appellee on the free speech claim for essentially the reasons stated by the magistrate. We also affirm the grant of summary judgment in favor of appellee on the equal protection claim. Based on the undisputed facts, we think it is plain that the challenged regulation is reasonably related to a legitimate penal interest. Moreover, to the extent that Weber's affidavit and documentary evidence raise an issue whether child molesters as a group are being treated differently from murderers by prison officials, they also demonstrate that the explanation for this difference in treatment is rational and reasonably related to Maine's proper interest in protecting the security of inmates. Under the circumstances, appellee is entitled to judgment on the -2- equal protection claim as a matter of law. See O'Bar v. ___ _____ Pinion, 953 F.2d 74, 81 (4th Cir. 1991) (observing that ______ "[t]he state may apply the law differently based on distinctive factual circumstances if the distinction is rationally related to a legitimate governmental purpose"). Affirmed. _________ -3-